```
1
2
3
4
5
6
7
8                          IN THE UNITED STATES DISTRICT COURT
9                        FOR THE EASTERN DISTRICT OF CALIFORNIA
10  PATRICK L. PERRY,
11          Plaintiff,                         No. 2:10-cv-3223 KJN P
12      vs.
13  CAPTAIN CHANDLESS, et al.,
14          Defendants.                        ORDER TO SHOW CAUSE
15  _____/
```

16          Plaintiff is a state prisoner proceeding without counsel and in forma pauperis,
17  with an action filed pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to proceed before the
18  undersigned for all purposes.  See 28 U.S.C. § 636(c).  On March 21, 2011, plaintiff filed a
19  second amended complaint pursuant to this court's March 2, 2011 order.  However, plaintiff
20  concedes he did complete the grievance process. (Dkt. No. 13 at 2.)
21          A.  Legal Standard re Exhaustion
22          The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e
23  to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.
24  § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional
25  facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).
26  Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S.

1

516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding conditions of confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. A prisoner is required to exhaust administrative remedies for claims contained within a complaint before the complaint is filed. Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010). Compliance with this requirement is not achieved by satisfying the exhaustion requirement during the course of an action. See McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002) (district court required to dismiss action without prejudice where plaintiff was in process of exhausting administrative remedies when motion to dismiss filed). However, new claims based on conduct which occurs after the filing of an original complaint may be raised in an amended pleading if the administrative exhaustion requirement is satisfied prior to the time the amended pleading is filed. See Rhodes, 621 F.3d at 1004-05 (PLRA exhaustion is satisfied if Rhodes properly exhausted administrative remedies as to newly-raised claims before amended complaint tendered to federal court).

Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." Porter, 534 U.S. at 524; Booth v. Churner, 532 U.S. 731, 740 n.5 (2001) (Congress mandated the exhaustion of administrative remedies regardless of the adequacy of the administrative procedures to satisfy the inmate's claim.). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id. at 741. A prisoner "seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money." Id. at 734. The fact that the administrative procedure cannot result in the particular form of relief requested by the prisoner does not excuse exhaustion because some sort of relief or responsive action may result from the grievance. See Booth, 532 U.S. at 737; see also Porter, 534 U.S. at 525 (purposes of exhaustion requirement include allowing prison to take responsive action, filtering out frivolous cases, and creating administrative records).

As noted above, the PLRA requires proper exhaustion of administrative remedies. Woodford v. Ngo, 548 U.S. 81, 83-84 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. Thus, compliance with prison grievance procedures is required by the PLRA to properly exhaust. Id. The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Id. at 83-84.

The State of California provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a) (2010). It also provides them the right to file appeals alleging misconduct by correctional officers and officials. Id. at § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation. Barry v. Ratelle, 985 F.Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal.Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). Id. at 1237-38. However, "a prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level of review or been reliably informed by an administrator that no remedies are available." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005).

B. Plaintiff's Second Amended Complaint

In the second amended complaint, plaintiff raises four claims: alleged failure to protect in violation of the Eighth Amendment; alleged deliberate indifference to his serious medical needs; alleged retaliation; and alleged denial of plaintiff's right to practice his religion. Plaintiff names five defendants. As noted above, plaintiff's second amended complaint states

1 that plaintiff has not completed the grievance process.[1]  (Dkt. No. 13 at 2.)

2      Where it is clear from the face of plaintiff's complaint that he has not yet exhausted the administrative grievance procedure, the action must be dismissed.  42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal. . . ."); see also Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002) (dismissal of complaint with leave to reallege only exhausted claims was proper); Davis v. Pineda, 347 Fed. Appx. 343 (9th Cir. 2009) (unpublished) (plaintiff's concession that he failed to exhaust grievance procedure prior to filing suit warranted dismissal); Metoyer v. Post, 121 Fed. Appx. 749 (9th Cir. 2005) (unpublished) (failure to exhaust administrative remedies, evident from face of complaint, warranted dismissal without prejudice). Plaintiff is required to completely exhaust all administrative remedies available prior to bringing suit.  Booth, 532 U.S. at 741; see Woodford, 548 U.S. at 93 (proper exhaustion required to enable prison officials an opportunity to resolve claims prior to federal litigation).  As long as a the correctional facility has the authority to take some type of action in response to the inmate's appeal, administrative review is "available" and exhaustion under the PLRA is required.  Booth, 532 U.S. 731.

     Accordingly, plaintiff shall show cause, if any he may have, why this action should not be dismissed based on plaintiff's failure to first exhaust administrative remedies as to each claim raised in the second amended complaint.

////

////

////

////

---

[1] Plaintiff discusses some of his exhaustion efforts in connection with his failure to protect and retaliation claims, but not in connection with his other two claims.  Plaintiff is advised that he must exhaust his administrative remedies to the third level for each and every claim prior to raising those claims in federal court.

1  IT IS HEREBY ORDERED that within thirty days from the date of this order,
2  plaintiff shall show cause why this action should not be dismissed for failure to exhaust
3  administrative remedies.
4  DATED: June 7, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/perr3223.exh