IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK L. PERRY,

     Plaintiff,                      No. 2:10-cv-3223 KJN P

    vs.

YUBA COUNTY, et al.,

     Defendants.           ORDER

_____/

        Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

> A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d).

Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations and internal punctuation

1

omitted); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).

In the present case, plaintiff has articulated his claims and complied with all court orders. Based on the procedural posture of this case, the court is unable to determine whether plaintiff is likely to succeed on the merits. Defendants have moved to dismiss the complaint based on plaintiff's alleged failure to exhaust administrative remedies prior to filing the instant action. Exhaustion in prisoner cases covered by 42 U.S.C. § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). Plaintiff's response to the motion to dismiss will largely be based on facts underlying plaintiff's efforts to exhaust his claims through the administrative process. These facts are known to plaintiff and should not require extensive legal research.

Accordingly, the court does not find the required exceptional circumstances, and plaintiff's motion for the appointment of counsel is denied.

Thus, IT IS HEREBY ORDERED that plaintiff's December 23, 2011 motion for the appointment of counsel (dkt. no. 41) is denied.

DATED: February 1, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

perr3223.31